IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

(1) DAKOTA L. SALYERS,

    Plaintiff,

v.

(1) CSAA GENERAL INSURANCE COMPANY, d/b/a AAA INSURANCE,

    Defendant.

Case No.   21-cv-00051-GKF-CDL

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

# COMPLAINT

COMES NOW the Plaintiff, Dakota L. Salyers, by and through his attorneys of record, and for his causes of action against the Defendant, CSAA General Insurance Company d/b/a AAA Insurance ("AAA"), alleges and states the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is, and was at all times relevant hereto, a resident of Oklahoma, within the confines of the Judicial District for the Northern District of Oklahoma.

2. Defendant AAA is a foreign for-profit insurance corporation organized and headquartered outside of the state of Oklahoma, with its principal place of business located in Walnut Creek, California. Defendant AAA regularly does business within the Judicial District for the Northern District of Oklahoma.

3. The acts, occurrences, omissions and damages complained of herein occurred within the confines of the Judicial District for the Northern District of Oklahoma.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and is a controversy between citizens of different states.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, occurrences and omissions giving rise to Plaintiff's claims occurred within the confines of the Judicial District for the Northern District of Oklahoma.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or around January 7, 2019, Plaintiff was involved in a motor vehicle accident (the "Accident").

8. Plaintiff bore no responsibility for the Accident.

9. As a result of the Accident, Plaintiff suffered significant bodily injuries and incurred medical expenses.

10. At the time of the Accident, Plaintiff was insured under a contract of insurance issued by Defendant AAA, policy number OKSS104031836 ("the Policy").

11. The Policy provided coverage for uninsured/underinsured motorist ("UM") benefits and medical payment ("medpay") benefits.

12. Plaintiff submitted his relevant medical records and bills to Defendant on or around March 31, 2020 (and thereafter) and requested performance under the Policy.

13. To date, AAA has unreasonably failed and refused to make any reasonable offers of settlement with respect to Plaintiff's UM claim which reasonably account for and consider his injuries.

14. Additionally, AAA has failed and refused to pay medpay benefits which account for the full amount of medical bills due and owing. Instead, AAA claimed an arbitrary and unreasonable *reduction* of bills presented by providers, leaving Plaintiff responsible for the difference.

15. At all times relevant hereto, Plaintiff relied on Defendant AAA to properly handle his claims and make payment pursuant to the coverages afforded under the Policy.

16. At all times relevant hereto, Plaintiff cooperated fully with Defendant AAA.

17. Plaintiff made all necessary and required demands on Defendant AAA for payment of the benefits owed under the applicable policy of insurance and otherwise satisfied all conditions precedent for payment under the applicable policy of insurance.

18. Plaintiff's claims for UM and medpay benefits are still outstanding and Defendant AAA has failed to pay a penny of UM benefits under the policy.

19. Defendant AAA has unreasonably failed and refused to pay Plaintiff the appropriate benefits due and owing under the applicable insurance policy.

20. As a result, Plaintiff has suffered the loss of insurance benefits and attendant financial hardship and pain and suffering.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

21. Paragraphs 1-20 are incorporated herein by reference.

22. At the time of the Accident, Plaintiff was insured under a policy of insurance underwritten by Defendant AAA which provided coverage for UM and medpay benefits.

23. The Accident was caused by a third-party tortfeasor who failed to carry motor vehicle insurance.

24. Pursuant to the terms of the policy of insurance with Defendant AAA, this is a factual situation wherein the UM and medpay coverages contained in said policy applies.

25. Plaintiff has requested Defendant AAA tender payment under said policies.

26. Defendant AAA has failed and refused to tender payment in connection with said policy. Plaintiff has performed all conditions precedent under the policies.

27. Defendant AAA has breached its contracts of insurance and has refused to pay Plaintiff the value of his damages which are due and owing. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant AAA for the personal injuries sustained while covered by such contract.

### Count II: Breach of the Duty of Good Faith and Fair Dealing

28. Paragraphs 1-27 are incorporated herein by reference.

29. Plaintiff was insured under the policy of insurance written and issued by Defendant AAA providing UM and medpay coverages.

30. Plaintiff requested Defendant AAA tender any and all available benefits under the applicable policy, but Defendant AAA has failed and refused to do so.

31. In its handling of Plaintiff's claims for benefits under the insurance policies, and as a matter of routine practice in handling similar claims, Defendant AAA breached its affirmative duty to deal fairly and in good faith towards the Plaintiff in the following respects:

    a. Failing to pay Plaintiff the benefits he was entitled to receive under the applicable policy of insurance when Defendant knew Plaintiff was entitled to those benefits;

    b. Withholding payment of benefits due and owing under the applicable policy of insurance when Defendant knew that Plaintiff's claim for such benefits was valid;

    c. Unreasonably delaying payment of benefits without reasonable basis;

    d. Refusing to pay Plaintiff's claim for benefits for reasons contrary to the express provisions of the law;

    e. Intentionally and recklessly misapplying provisions of the applicable policy and looking for ways to avoid paying some or all of Plaintiff's claims for benefits under the policy;

   f.  Failing to properly investigate Plaintiff's claims for benefits under the applicable policy;

   g.  Failing to properly evaluate Plaintiff's claims for benefits under the applicable policy;

   h.  Failing to adopt and implement reasonable standards for the prompt investigation, evaluation and handling of claims arising under its policies, including Plaintiff's claims for uninsured motorist benefits and med-pay benefits;

   i.  Unreasonably delaying Plaintiff's claims for uninsured motorist benefits and med-pay benefits and putting the burden of investigation onto Plaintiff and his attorneys; and

   j.  Failing to attempt to act in good faith to effectuate a prompt and fair settlement of Plaintiff's claims for underinsured motorist benefits.

32. As a direct result of Defendant AAA's breach of its affirmative duty of good faith and fair dealing, Plaintiff has suffered the loss of insurance benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## COUNT III: PUNITIVE DAMAGES

33. Paragraphs 1-32 are incorporated herein by reference.

34. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others was conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of their actions upon Plaintiff and others.

35. Such actions were not only detrimental to Plaintiff, but to the public in general.

36. Defendant acted intentionally, maliciously, and in reckless disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against the Defendant.

WHEREFORE, based on the foregoing, Plaintiff prays that the Court grant him the relief sought, including but not limited to actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), all

applicable pre-judgment interest, post-judgment interest, reasonable attorneys' fees, costs, and all other relief deemed appropriate by this Court.

        Respectfully submitted,

        /s/ Donald E. Smolen, II
        Donald E. Smolen, II, OBA #19944
        Laura L. Hamilton, OBA #22619
        SMOLEN | LAW, PLLC
        611 S. Detroit Ave.
        Tulsa, OK 74120
        (918) 777-4529 P
        (918) 890-4529 F
        don@smolen.law
        laura@smolen.law
        jack@smolen.law

        -and-

        Jeffrey A. Martin, OBA #15573
        P.O. Box 18425
        Oklahoma City, OK 73154
        P: (918) 671-0841
        F: (405) 285-4625
        Jm806337@aol.com

        *Attorneys for Plaintiff*